**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID MARTIN,

Plaintiff,

vs.

COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DETECTIVE ROLAND MAUS; DEPUTY DISTRICT ATTORNEY ELIZABETH SILVA; WILIAM A. PHILLIPS; and ANDY'S ORCHIDS,

Defendants.

CASE NO. 03cv1788-IEG(WMc)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Following remand of this case from the Ninth Circuit Court of Appeals, Plaintiff David Martin and Defendants Roland Maus ("Det. Maus") and the County of San Diego have filed cross-motions for summary judgment/adjudication. Both parties filed opposition and reply briefs regarding the cross-motions.

A hearing was held before Chief Judge Irma E. Gonzalez on August 4, 2009. Upon consideration of the arguments presented by the parties, for the reasons set forth herein, the Court denies Plaintiff's motion for summary adjudication and grants in part and denies in part Defendants' motion for summary judgment.

***Factual and Procedural Background***

The underlying facts regarding this case are fully set forth in this Court's March 17, 2006 order and will be re-stated herein only as necessary in the discussion of the parties' arguments. In short, Plaintiff's complaint arises from the May 1, 2002 execution of a search warrant, which Defendant Maus procured the previous day, calling for "sufficient hair, blood, and saliva samples for comparison purposes." Det. Maus obtained the search warrant as part of his investigation of a December 29, 2000 robbery which occurred at William Phillips' business in Encinitas, California, Andy's Orchids.

Plaintiff's complaint alleged nine causes of action against the County of San Diego, San Diego County Sheriff's Department, Det. Maus, District Attorney Elizabeth Silva, William Phillips, and Andy's Orchids. This Court initially granted summary judgment in favor of all the County Defendants on all of Plaintiff's substantive claims[1] on March 17, 2006. The Court found none of the alleged misrepresentations or omissions from the search warrant affidavit were material, and further found that even if all the identified misrepresentations and omissions were considered, the totality of circumstances supported a finding there was probable cause to issue the warrant. Based thereon, the Court dismissed all Plaintiff's federal and state law claims against the individual County Defendants as well as the County of San Diego. By separate order filed on March 30, 2006, the Court denied Defendants Phillips and Andy's Orchids' motion for summary judgment. Plaintiff, however, settled and dismissed his claims against these Defendants on August 2, 2006.

The Ninth Circuit reversed this Court's grant of summary judgment in favor of the County and Det. Maus, but affirmed the grant of summary judgment in favor of District Attorney Silva. The court found Det. Maus omitted four pieces of material information from his affidavit: (1) Phillips had a motive to lie and falsely accuse Plaintiff; (2) Det. Maus knew federal agents believed in Plaintiff's credibility and honesty; (3) Plaintiff claimed he had potentially exculpatory phone records placing him 190 miles from the scene of the crime on the morning of the burglary;

---

[1] The Court denied summary judgment on Plaintiff's claim for injunctive relief, for destruction of the DNA samples and photographs in the County's possession, but the Court ultimately granted summary judgment on that claim by order filed on July 18, 2006.

and (4) Det. Maus knew, based on statements from federal agents, that Plaintiff displayed no visible signs of injury one week after the burglary, despite Phillips' contention that the had drawn significant amounts of blood during his altercation with the burglar. The Ninth Circuit determined that an affidavit which included the omitted material would *not* have established probable cause, and thus remanded for further proceedings as against the County and Det. Maus.

Both parties now, again, move for summary adjudication or summary judgment.

***Summary Judgment Standard***

Pursuant to Fed. R. Civ. Proc. 56, a party may move for summary judgment on all or part of the claims in the case. Summary judgment is appropriate where the pleadings and other evidence show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A material issue of fact is a question the trier of fact must answer to determine the rights of the parties under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Summary judgment may be granted in favor of a defendant on an ultimate issue of fact where the defendant carries its burden of "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325; see Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1106 (9th Cir. 2000).

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." Celotex, 477 U.S. at 323. To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. Id. at 322. However, the moving party is not required to negate those portions of the non-moving party's claim on which the non-moving party bears the burden of proof. Id. at 323. To withstand a motion for summary judgment, the non-movant must then show that there are genuine factual issues which can only be resolved by the trier of fact. Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; Celotex, 477 U.S. at 323).

The nonmoving party may not rely on the pleadings but must present specific facts creating

a genuine issue of material fact. Nissan Fire, 210 F.3d at 1103. The inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion, but conclusory allegations as to ultimate facts are not adequate to defeat summary judgment. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1180 (9th Cir. 2002). The Court is not required "to scour the record in search of a genuine issue of triable fact," Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996), but rather "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001).

## ***Discussion***

Plaintiff moves for summary adjudication of Defendants' liability under 42 U.S.C. § 1983 as well as each state law cause of action. Plaintiff argues the Ninth Circuit's decision, finding that Det. Maus omitted material facts from the search warrant affidavit and further finding that the corrected affidavit would not have established probable cause, requires a finding of liability against both Maus and the County of San Diego on each of Plaintiff's causes of action. Defendants, by contrast, once again move for summary judgment on the basis of qualified immunity. Defendants argue that notwithstanding the Ninth Circuit's finding there were material omissions, and the warrant lacked probable cause, Det. Maus reasonably believed probable cause existed and relied thereon. Defendants also argue Plaintiff has failed to establish there are genuine issues of material fact and they are entitled to judgment on Plaintiff's state law claims.

### *1. Plaintiff's Claim under 42 U.S.C. § 1983*

The first question raised by the parties' motions is whether Det. Maus is entitled to qualified immunity on Plaintiff's claims under § 1983. "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808, 823 (2009). In determining whether an officer is entitled to qualified immunity, the court generally determines first whether the alleged facts establish the defendant violated a constitutional right, and second whether the right at issue was "clearly established" at the time of the alleged misconduct. Rodis v. City and County of San Francisco, 558 F.3d 964, 968 (9th Cir. 2009) (citing Saucier v. Katz, 53

U.S. 194, 201 (2001)).

Plaintiff argues Det. Maus is not entitled to qualified immunity and, instead, Plaintiff is entitled to summary adjudication on the issue of liability under § 1983 because the Ninth Circuit determined Det. Maus violated his Fourth Amendment right to be free from unreasonable search and seizure.  By contrast, Defendants argue Det. Maus is entitled to qualified immunity on Plaintiff's claim because Det. Maus, at all times, reasonably believed there was probable cause for the warrant.

In cases alleging judicial deception in the procurement of a search warrant, in order to establish a violation of the Fourth Amendment under the first prong of the qualified immunity inquiry, the plaintiff must show that "in allegedly omitting relevant information from his affidavit in support of the application for a search warrant ... [the officer] acted 'with deliberate falsehood or reckless disregard for the truth'." Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002) (quoting United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985)).  Thus, the Ninth Circuit has articulated the following standard to be applied on summary judgment in cases alleging judicial deception:

> The plaintiff alleging judicial deception must make a substantial showing of deliberate falsehood or reckless disregard for the truth and establish that but for the dishonesty, the challenged action would not have occurred.

Butler, 281 F.3d at 1024 (quoting Hervey v. Estes, 54 F.3d 784, 788-89 (9th Cir. 1995)).  This "deliberate falsehood or reckless disregard for the truth" standard does *not* require plaintiff to demonstrate defendant acted with a subjective intent to mislead.  Lombardi v. City of El Cajon, 117 F.3d 1117, 1123 (9th Cir. 1997).  Where the plaintiff has made a "substantial showing" that the officer intentionally or recklessly omitted the information, "the question of intent or recklessness is a 'factual determination for the trier of fact'."  Liston v. County of Riverside, 120 F.3d 965, 974 (9th Cir. 1997) (quoting Hervey, 65 F.3d at 791); Butler, 281 F.3d at 1026.

With regard to the second prong of the qualified immunity analysis, an officer cannot be said to have acted in an objectively reasonable manner so as to be entitled to qualified immunity where the officer has made *obvious* false misrepresentations or omitted information which was obviously relevant.  Lombardi, 117 F.3d at 1126.

> In cases of "outrageous" conduct such as Hervey,[2] where probable cause is clearly lacking without the false statements, the officer "cannot be said to have acted in an objectively reasonable manner and the shield of qualified immunity is lost."

Id. "However, in other cases, particularly where omissions are involved, materiality may not have been clear at the time the officer decided what to include in, and what to exclude from, the affidavit. In such cases, when it is not plain that a neutral magistrate would not have issued the warrant, the shield of qualified immunity should not be lost, because a reasonably well-trained officer would not have known that the misstatement or omission would have any effect on issuing the warrant." Id.

In examining the second prong of the qualified immunity analysis, the Ninth Circuit has noted that the where the plaintiff has made a substantial showing of judicial deception, the issue of qualified immunity is "effectively intertwine[d]" with the substantive Fourth Amendment determination. Butler , 281 F.3d at 1024. The court in Butler noted that:

> "[O]ur cases effectively intertwine the qualified immunity question (1) whether a reasonable officer should have known that he acted in violation of a plaintiff's constitutional rights with (2) the substantive recklessness or dishonesty question.

Id. Thus, the question of "whether a reasonable officer should have known that he acted in violation of a plaintiff's constitutional rights" depends upon the answer to the question of whether the defendant acted dishonestly or recklessly. Id.; Liston, 120 F.3d at 974.

Defendants cite and rely heavily upon two very recent Ninth Circuit cases, Johnson v. Walton, 558 F.3d 1106, 1111 (9th Cir. 2009), Millander v. County of Los Angeles, 564 F.3d 1143, 1148-49 (9th Cir. 2009). Defendants rely upon these cases for the proposition that even though the Ninth Circuit found the search warrant here lacking in probable cause, Det. Maus is nevertheless entitled to qualified immunity if he acted reasonably. Millander, 564 F.3d at 1149 (citing KRL v. Estate of Moore, 512 F.3d 1184, 1189-90 (9th Cir. 2008)) ("When reasonable minds could differ as to the existence of probable cause, approval of a warrant by a government attorney and ratification by a neutral and detached magistrate usually establishes objectively reasonable reliance");

---

[2]The Court in Lombardi pointed out that in Hervey, "[t]he officer fabricated perceptions of sight, smell and sound, which was 'unforgivable'" and "[w]ithout the falsely included facts, all that remained was unproven, uncorroborated and unreliable informant information which no neutral magistrate could possibly have credited." 117 F.3d at 1126.

Johnson, 558 F.3d at 1111 (quoting Malley v. Briggs, 475 U.S. 335, 344-45 (1986)) ("Officers lose their shield of qualified immunity '[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable'.") Neither of these cases, however, involve allegations of judicial deception based upon omission of material information from a search warrant affidavit.

In both Johnson and Millander, the magistrate had all the relevant information in front of her and determined the information established probable cause, a determination which courts later found to be inappropriate. The very nature of the judicial deception claim asserted by Plaintiff in this case is that Det. Maus, by omitting material information from his affidavit, deprived the neutral magistrate of the opportunity to review all of the relevant facts and determine whether probable cause existed to justify the intrusive search to obtain Plaintiff's DNA samples. "Courts treat magistrates as more qualified than police officers to make determinations of probable cause." KRL, 512 F.3d at 1189. Where, as in this case, a plaintiff alleges judicial deception, the Ninth Circuit in Butler, Lombardi, and Liston have defined with particularity the circumstances under which the officer's actions can be found to have been "reasonable" so as to justify application of qualified immunity. Thus, the Court will apply the standards set forth in Butler, Lombardi, and Liston to determine whether Det. Maus is entitled to qualified immunity.

*(a) Application of Legal Standards to Defendants' Summary Judgment Motion*

For the reasons set forth below, the Court DENIES Defendant Maus' motion for summary judgment based upon qualified immunity. As noted above, the first prong of the qualified immunity analysis requires plaintiff to "make a substantial showing of deliberate falsehood or reckless disregard for the truth and establish that but for the dishonesty, the challenged action would not have occurred." Butler, 281 F.3d at 1024. The Ninth Circuit's findings regarding material omissions and lack of probable cause establish, as a matter of law in this case, that "but for the dishonesty, the challenged action would not have occurred."

The only remaining factual question under the first prong, therefore, is whether Det. Maus, in omitting the material information from his affidavit, "acted 'with deliberate falsehood or reckless disregard for the truth'." Butler, 281 F.3d at 1024. The Court finds Plaintiff has made a

"substantial showing of ... reckless disregard for the truth," Butler, 281 F.3d at 1024, so as to preclude summary judgment. Det. Maus undisputably knew all of the information which the Ninth Circuit found he should have included in the search warrant. Defendants, in their motion, discuss the relevance of the information and the inferences which Det. Maus could have legitimately drawn from the information within his possession, and argues Det. Maus reasonably could have believed he was not required to include the information in his affidavit.

Plaintiff, however, disputes many of the facts cited by Defendants in their reasonable analysis. For example, Defendants argue the purportedly exculpatory telephone bills were never provided to Det. Maus and even Plaintiff's retained attorney admitted prior to the issuance of the warrant that he knew of no specific facts showing Plaintiff did not commit the burglary. Defendants further argue the bills themselves are not exculpatory as they still show an 8½ hour time frame during which Plaintiff could have traveled from Santa Barbara to Andy's Orchids in Encinitas to commit the burglary, and then returned to Santa Barbara. In response, however, Plaintiff argues Det. Maus could not have reasonably believed Plaintiff drove from Santa Barbara to Encinitas, carefully selected 266 very rare and exotic orchids from the 250,000 separate plants which were in the greenhouse (in total darkness at 4:30 a.m.), fought with Plaintiff, and then returned to Santa Barbara in less 8½ hours. The parties' varying arguments regarding the relevant underlying facts demonstrate that there exists a genuine issue of material fact as to whether Det. Maus omitted facts from his affidavit "with deliberate falsehood or reckless disregard for the truth."

Because there is a genuine issue of material fact as to whether Det. Maus omitted facts from his affidavit "with deliberate falsehood or reckless disregard to for the truth," there is likewise a genuine issue of material fact as to whether Det. Maus acted reasonably under the second prong of the qualified immunity analysis. No reasonable officer could have believed he was acting appropriately in omitting relevant material facts from his affidavit "with deliberate falsehood or reckless disregard for the truth." Butler, 281 F.3d at 1024. Thus, qualified immunity is not appropriate and the Court DENIES Defendant's motion.

*(b) Application of Legal Standards to Plaintiff's Motion for Summary Adjudication*

Applying the legal standards discussed above, the Court also DENIES Plaintiff's motion for summary adjudication of the issue of qualified immunity. Plaintiff incorrectly asserts that the Ninth Circuit found as a matter of law that Det. Maus violated his constitutional rights. The Ninth Circuit found that Det. Maus omitted material facts from his affidavit and if those facts were added to the affidavit there would have been no probable cause for the warrant. In order to establish that Det. Maus violated his rights under the Fourth Amendment, however, Plaintiff must also show the omissions were made "with deliberate falsehood or reckless disregard for the truth." Butler, 281 F.3d at 1024. The Ninth Circuit did not address this prong of the constitutional analysis in its decision and, as discussed above with regard to Defendants' motion, there exist genuine issues of material fact as to whether Det. Maus acted "with deliberate falsehood or [in] reckless disregard for the truth." Therefore, the Court DENIES Plaintiff's motion for summary adjudication on the question of Det. Maus' immunity from suit under § 1983.[3]

*2. Plaintiff's § 1983 Claims Against the County of San Diego*

In the original summary judgment order, the Court dismissed Plaintiff's § 1983 claim against the County after finding no constitutional violation. Defendants now move for summary judgment on Plaintiff's § 1983 claim against the County arguing Plaintiff has failed to demonstrate any policy, custom, or practice exists which was the moving force behind the constitutional violation. Plaintiff affirmatively moves for summary adjudication of liability on his claim against the County, again asserting the Ninth Circuit found Det. Maus violated his constitutional rights.

A municipality may not be held liable under 42 U.S.C. § 1983 for the acts of its employees

---

[3]In drafting jury instructions for the trial of Plaintiff's claims, it would appear there is no need to include any instructions to the jury with regard to Det. Maus' qualified immunity argument. In Butler, as noted above, the Ninth Circuit found the qualified immunity question of whether a reasonable officer should have known that he acted in violation of the plaintiff's constitutional rights was effectively intertwined with the substantive recklessness or dishonesty question. Thereafter, the court went on to note that the issue of qualified immunity was not appropriate for the jury:

> Because the two issues merge, there need be no separate inquiry at trial, and no discrete instructions, on whether [defendant] Elle is entitled to qualified immunity. If he was reckless or deceitful in preparing the warrant affidavit, then he both violated [plaintiff] Butler's rights and is not entitled to qualified immunity.

281 F.3d at 1024. Thus, it is not likely the Court will instruct the jury specifically as to Det. Maus' qualified immunity defense.

based solely upon the employment relationship. City of Oklahoma v. Tuttle, 471 U.S. 808, 818 (1985). "[O]nly deprivations visited pursuant to municipal 'custom' or 'policy' could lead to municipal liability." Id. Liability will be imposed upon a municipality where the plaintiff establishes a series of similar acts sufficient to establish a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2004). Alternatively, a plaintiff may establish the liability of municipal defendants

> (1) by showing that the decision-making official was, as a matter of law, a final policymaking authority 'whose edicts or acts may fairly be said to represent official policy' in the area of the decision; … or (2) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. Id.

Regardless of how it is characterized, municipal liability under § 1983 may only arise based upon the municipality's "official policy." Pembauer v. City of Cincinnati, 475 U.S. 469, 480 (1986). A municipality may not be held liable under § 1983 unless plaintiff can prove the existence of an unconstitutional municipal policy. City of St. Louis v. Praprotnik, 485 U.S. 112, 128 (1988).

Where liability is based upon a final policy-maker's ratification of the unconstitutional decision or action of a subordinate, the official involved must have "adopted and expressly approved of the acts of others who caused the constitutional violation." Trevino v Gates, 99 F.3d 911, 920 (9th Cir. 1996). Liability based upon ratification requires "that an official policymaker make a deliberate choice from among various alternatives to follow a particular course of action. Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992). In addition, "there must be an affirmative link between the policy and the particular constitutional violation alleged." Tuttle, 471 U.S. at 823. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000).

*(a)  Application of Legal Standard to Defendants' Motion*

Defendants argue Plaintiff has identified no practice, custom, or policy of the County encouraging its employees to obtain and execute search warrants without probable cause. In response (and in his own affirmative motion), Plaintiff argues Det. Maus and the County have

maintained throughout this case that Maus acted properly and "in accordance with Department policy." Plaintiff further argues the County's failure to discipline Det. Maus, even after the Ninth Circuit reversed and remanded this case, constitutes ratification. Finally, Plaintiff points to Det. Maus' inclusion in the affidavit of the fact Phillips would not voluntarily allow his DNA to be tested, and argues there exists a County policy of taking into account a person's reliance on his constitutional right not to voluntarily produce information in determining whether probable cause exists.

Plaintiff has not, however, presented any evidence establishing the existence of a County policy, custom or practice which would support his claim under § 1983. Plaintiff has not pointed to any prior instances of San Diego County officers omitting material facts from their affidavits in support of search warrants. Ulrich, 308 F.3d at 984 (prior instances of similar unconstitutional conduct may establish a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.") In addition, Plaintiff has presented no evidence of any written or verbal statement of policy by any County official, who can be said to be an "official policy-maker," encouraging County officers to omit material information from their affidavits in order to secure search warrants for which there would not otherwise be probable cause.

Although Plaintiff argues "County officials" have ratified Det. Maus' actions, Plaintiff again does not point to any individual, with authority to make policy on behalf of the County, who has expressed the opinion that if Det. Maus omitted material information from his affidavit "with deliberate falsehood or reckless disregard for the truth," the County as a matter of policy approves of such conduct. At the hearing Plaintiff identified Det. Maus, District Attorney Silva, and County Counsel Ricky Sanchez as "policymakers" who have ratified Det. Maus' unconstitutional conduct. However, Plaintiff has presented no evidence that any of these individuals are authorized to establish policy on behalf of the County or have made any affirmative decision to ratify

unconstitutional conduct by Det. Maus.[4]

Because Plaintiff has failed to establish a County policy, custom or practice which resulted in the alleged constitutional violation in this case, the Court GRANTS Defendant County of San Diego's motion for summary judgment on Plaintiff's claim under § 1983.

*(b) Application of Legal Standards to Plantiff's motion*

A public entity may not be held liable under § 1983 where the plaintiff fails to establish any underlying constitutional violation. Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir. 1994). Because there are a genuine issues of material fact as to whether Det. Maus violated Plaintiff's constitutional rights, and because Plaintiff has failed to establish the existence of a County policy, custom or practice which resulted in the violation of his constitutional rights, the Court DENIES Plaintiff's motion for summary adjudication of his § 1983 claim against the County.

*3. Plaintiff's State law claims*[5]

Plaintiff's complaint alleges claims against Defendants under Cal. Civ. Code § 52.1, as well as for common law false imprisonment, battery, and negligence. Defendants move for summary judgment, arguing Plaintiff has failed to demonstrate a genuine issue of material fact as to their liability on these state law claims, and that they are immune from liability under various provisions of the California Code. Plaintiff also moves for summary adjudication of Defendants' liability on these claims.

*(a) False arrest/imprisonment*

The Court originally granted summary judgment on Plaintiff's claim for false arrest/

---

[4]As Defendants note, a California district attorney is considered to be a State, rather than a County, officer under most circumstances. Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000). As such, any statements by District Attorney Silva would not be the basis of liability against the County.

[5]Plaintiff's complaint contains an independent claim under the California constitution. Plaintiff, in his motion, does not affirmatively seek summary adjudication of the Defendants' liability on such claim. In addition, although Plaintiff argues in opposition to Defendants' motion that the facts establish as a matter of law that Defendants violated his right to be free from unreasonable searches and seizures under the California constitution, Defendants also did not move for summary judgment on this claim. Just as there are genuine issues of material fact precluding summary judgment on Plaintiff's federal constitutional claim against Det. Maus under § 1983, Plaintiff's claim under the California constitution is also appropriately resolved at trial.

imprisonment after finding the conduct of which Plaintiff complained, being handcuffed and transported to the hospital for the taking of DNA samples, occurred pursuant to a valid search warrant. Following remand, Plaintiff argues the fact the officers acted pursuant to an invalid search warrant establishes the tort of false imprisonment as a matter of law. By contrast, Defendants argue Plaintiff cannot state a claim for false arrest/imprisonment against Det. Maus because Det. Maus never personally detained, handcuffed or transported Plaintiff. Defendants further argue they are immune from liability in connection with the warrant and its execution because the warrant was regular on its face.

The tort of false imprisonment and false arrest are considered one in the same, because "false arrest is but one way of committing a false imprisonment." Collins v. City and County of San Francisco, 50 Cal. App. 3d 671, 673 (1975). The tort consists of the "'nonconsensual, intentional confinement of a person, without lawful privilege, for any appreciable length of time, however short.'" Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994) (quoting Alterauge v. Los Angeles Turf Club, 97 Cal. App. 2d 735, 736 (1950)). Under Cal. Code Civ. Proc. § 262.1, an officer who executes process which is regular on its face is immune from liability. In addition, Under Cal. Civ. Code § 43.55, a peace officer cannot be liable on account of an arrest made pursuant to a facially regular warrant so long as the officer "acts without malice."

The Court DENIES Plaintiff's motion for summary adjudication of Defendants' liability for false arrest/imprisonment. Plaintiff incorrectly asserts that the Ninth Circuit's findings regarding Det. Maus' omissions and the resulting lack of probable cause establishes, as a matter of law, each element of the false arrest/imprisonment claim. Plaintiff's detention and transportation to the hospital, however, constitutes false arrest/imprisonment only if the officers were "without lawful privilege" to execute the warrant. Under Cal. Civ. Code § 43.55, Plaintiff must also demonstrate Det. Maus acted "with malice," a standard California courts have equated with "deliberate falsehood" and "reckless disregard of the truth." Harden, 215 Cal. App. 3d at 15. As discussed more fully above with regard to Plaintiff's claim against Det. Maus under § 1983, the Ninth Circuit made no finding as to whether Det. Maus' material omissions were made "with deliberate falsehood or reckless disregard for the truth" and there remain genuine issues of

material fact precluding this Court from making such a finding.

The Court also DENIES Defendants' motion for summary judgment on Plaintiff's false arrest/imprisonment claim. Under California law, a person who sets in motion a false arrest/ imprisonment can be held liable for the tort even if he does not directly participate in the actionable conduct. Bell v. State of California, 63 Cal. App. 4th 919, 928 (1998) (finding defendants could be held liable for false arrest effected by other officers where defendants' conduct lead to the unlawful arrest); Harden v. San Francisco Bay Area Rapid Transit Distr., 215 Cal. App. 3d 7, 15-16 (1989) (defendant could be held liable on claim of false arrest where his false statements to the arresting officer "were intended to induce [plaintiff's] arrest and in fact directly encouraged, instigated and incited [plaintiff's] subsequent arrest."). Det. Maus is entitled to immunity under § 262.1 and § 43.55 only if he acted without malice in connection with the issuance of the warrant. Harden, 215 Cal. App. 3d at 15. The discussion of facts above on page 8, concluding there are genuine issues of material fact regarding whether Det. Maus omitted material information from the affidavit "with deliberate falsehood or reckless disregard to for the truth," is equally relevant here. Because the parties dispute the relevance and materiality of the information Det. Maus omitted from his affidavit, there exist genuine issues of material fact precluding summary judgment as to whether Det. Maus acted "without malice" so as to entitle him to immunity on Plaintiff's false arrest/imprisonment claim.

*(b) Battery*

The Court originally granted summary judgment in favor of the Defendants on Plaintiff's claim for battery after finding the conduct of which Plaintiff complained, being handcuffed and transported to the hospital for the taking of DNA samples, occurred pursuant to a valid search warrant. Following remand, Plaintiff argues the fact he was handcuffed and his DNA taken, pursuant to an invalid search warrant, establishes the tort of battery as a matter of law. By contrast, Defendants argue Plaintiff cannot state a claim for battery against Det. Maus because Det. Maus never came into contact with Plaintiff and there is no evidence Det. Maus instructed others to touch or handcuff Plaintiff. Defendant Maus also argues he is immune under Cal. Gov't Code § 820.8 for any injury caused by the acts or omission of other persons.

The tort of battery consists of "violation of an individual's interest in freedom from unlawful, harmful or offensive unconsented contacts with his or her person." Rains v. Superior Court, 150 Cal. App. 3d 933, 938 (1984). In a battery action against a police officer arising out of an arrest, plaintiff must demonstrate unreasonable use of force by the officer. Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998).

Upon review, the Court DENIES Plaintiff's motion for summary adjudication of Defendants' liability for battery. Because the search warrant may have been valid on its face, the officers who executed the warrant are immune for their actions in executing the warrant under Cal. Civ. Proc. Code § 262.1.[6] Plaintiff has not produced evidence that the actions of the officers who actually executed the warrant were unreasonable or excessive so as to expose those officers to liability for battery. Edson, 63 Cal. App. 4th at 1273. The Court declines to find Det. Maus is liable as a matter of law for the tort of battery based solely upon the underlying alleged Fourth Amendment violation in procuring the warrant. None of the authorities cited by Plaintiff hold that an officer who did not personally come into contact with a plaintiff while executing a facially valid warrant may nonetheless be held liable for the intentional tort of battery because he made material omissions in the search warrant affidavit. The cases cited by Plaintiff hold that a person alleging battery against one officer, based upon another officer's use of force in executing a warrant, must demonstrate that the executing officer's use of force was unreasonable. Arpin v. Santa Clara Valley Transp., 261 F.3d 912, 922 (9th Cir. 2001).[7] Plaintiff has made no showing the use of force by the officers who executed the search warrant was in any way unreasonable. The fact Det. Maus' affidavit contained material omissions, rendering the subsequently issued search warrant invalid, does not establish as a matter of law that Det. Maus is liable for battery based upon the execution of such warrant where there is no evidence Det. Maus had any unconsented contact with

---

[6]Section 262.1 states that "[a] sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued."

[7]The remainder of the cases cited by Plaintiff hold that an officer can be held liable for false arrest/imprisonment, or for a constitutional violation under § 1983, where the officer's actions set the arrest or search in motion. None of the other cases cited by Plaintiff actually discuss the tort of battery.

Plaintiff.

For these very same reasons, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's battery claim. The only evidence Plaintiff has produced in support of his battery claim is that other officers handcuffed and transported him to the hospital for the extraction of his DNA. There is no indication that these officers' actions were unreasonable taking into account the fact the warrant may have been facially valid and there is no evidence of any unconsented contact between Det. Maus and Plaintiff. None of the authorities cited by Plaintiff hold that an officer may be held liable for the intentional tort of battery when his material omissions in a warrant affidavit result in the execution of that warrant. Plaintiff's theory of Det. Maus' liability for battery is not supported by the law.

*(c) Cal. Civ. Code § 52.1*

Because the Court in its first summary judgment order found no constitutional violation, it also granted Defendants' motion for summary judgment on Plaintiff's claim under Cal. Civ. Code § 52.1. Both parties now again move for summary adjudication of this claim.

Cal. Civ. Code section 52.1 provides:

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured....
>
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages ....

A claim under this section requires a showing of "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998). Although the language of § 52.1(a) does not mention "violence," § 52.1(j) explicitly provides that violence is a required element where the "threat, intimidation or coercion" is based purely upon a defendant's statements:

> Speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person ...; and the person ... against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening the violence had the apparent ability to carry out the threat.

Plaintiff contends Det. Maus violated his Fourth Amendment rights not only by making material omissions in the search warrant affidavit, but also by actually collecting the DNA samples pursuant to the invalid search warrant. In his papers regarding these pending motions, Plaintiff identifies two types of threats, intimidation and coercion which purportedly accompanied the alleged constitutional violation, giving rise to his claim under § 52.1: (1) Det. Maus' statements to Plaintiff during a September 9, 2001 phone conversation prior to the procurement of the search warrant, and (2) being handcuffed, and his arm twisted and bruised, in order to transport him to the hospital to extract his DNA. The Court finds neither of these types of "threats, intimidation and coercion" are sufficient to support Plaintiff's claim under § 52.1.

During the September 9, 2001 telephone conversation, Det. Maus told Plaintiff that if he did not consent to voluntarily submit a DNA sample he would attempt to get a warrant and "come look[ing] for you." Det. Maus did not threaten violence against Plaintiff, and there is no evidence Plaintiff reasonably feared Det. Maus would commit violence against him or his property if he did not voluntarily consent to the collection of his DNA. Thus, under the plain language of § 52.1(j), Det. Maus' statements cannot form the basis of Plaintiff's claim under § 52.1. Cabesuela v. Browning-Ferris Industries, 68 Cal. App. 4th 101, 111 (1998).[8] Furthermore, although Plaintiff argues the act of handcuffing him and transporting him to the hospital to extract his DNA constitutes "threats, intimidation or coercion," Plaintiff sets forth no evidence that Det. Maus handcuffed, touched, or transported him to the hospital. Thus, the Court finds that there exist no

---

[8]California courts have called into question Cabesuela's holding because it was based, in part, upon an incorrect belief that § 52.1 should be read in conjunction with § 57.1, a separate statute protecting civil rights which *does* require a showing of violence. Venegas, 32 Cal. 4th at 842. Nothing in subsequent California cases, however, calls into question the proposition that under the plain language of § 52.1(j), where a violation is premised solely upon speech, the plaintiff must demonstrate the speech threatened violence. See Trigueros v. Southwest Airlines, 2007 WL 2502151 (S.D. Cal. 2007) (where plaintiff alleged violation of § 52.1 solely based on speech, court found statute clear on its face and granted summary judgment on plaintiff's claim because plaintiff failed to demonstrate the speech threatened violence in the form of some physical force).

genuine issues of material fact and Defendants are entitled to judgment as a matter of law on Plaintiff's claim under § 52.1.

*(d) Negligence*

In one sentence, Defendants assert they are entitled to summary judgment on Plaintiff's negligence claim against Det. Maus "because he acted reasonably as stated above and he is immune under state law." Because there exist genuine issues of material fact as to whether Det. Maus acted reasonably when he omitted to include material facts in his search warrant affidavit, the Court DENIES Defendants' motion for summary judgment on Plaintiff's negligence claim.[9]

*(e) County immunity under Cal. Gov't Code § 815.2(b)*

The County argues it is immune from liability for all of Plaintiff's state law claims pursuant to Cal. Gov't Code § 815.2(b). Section 815.2(b) provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." As a general rule, California law holds government entities liable for the torts of their employees under the theory of *respondeat superior*. Hoblitzell v. City of Ione, 110 Cal. App 4th 675, 680-81 (2003). "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). Thus, under California law, the County's immunity from suit depends upon whether the individual officers are immune. Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002).

Here, the Court has not found any statutory immunity which would bar Plaintiff's

[9]Plaintiff does not affirmatively move for summary adjudication on this claim.

remaining state law claims against Det. Maus for false imprisonment[10] and negligence.[11] Therefore, the Court DENIES Defendants' motion for summary judgment of the County's liability for Plaintiff's state law claims.

*4. Punitive Damages*

Defendants move for summary judgment on Plaintiff's claim against Det. Maus for punitive damages, arguing there is no evidence Det. Maus' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to Plaintiff's constitutional rights. A jury may assess punitive damages under § 1983 when a defendant's conduct involves "reckless or callous indifference to the federally protected rights of others" without regard to actual intent or malice. Larez v. City of Los Angeles, 946 F.2d 630, 639 (9th Cir. 1991).

In this case, the Ninth Circuit has already determined Det. Maus had in his possession but omitted to disclose material information in his search warrant affidavit. Although subjective intent is not an element Plaintiff must prove on his claim under § 1983, Plaintiff has raised a genuine issue of material fact as to the motive for Det. Maus' failure to include the information in his affidavit. Plaintiff points to Det. Maus' statements during the September 9, 2001 phone conversation with Plaintiff, in which Det. Maus demanded Plaintiff relinquish his right to privacy and submit to DNA testing. Plaintiff also points to testimony by Det. Maus during his deposition to the effect that he assumes an individual who refuses to cooperate is probably guilty. These facts raise a genuine issue as to whether Plaintiff can demonstrate Det. Maus acted with evil motive or intent or with reckless or callous indifference to Plaintiff's constitutional rights. Defendants' motion for summary judgment on Plaintiff's claim for punitive damages against Det. Maus is DENIED.

---

[10] Although Cal. Gov't Code § 821.6 provides immunity to a public employee "for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment" § 820.4, which grants immunity for a public employee's "act or omission, exercising due care, in the execution or enforcement of any law" specifically exempts false arrest and false imprisonment from the category of torts for which there is immunity. Asgari v. City of Los Angeles, 15 Cal. 4th 744, 847 (1997).

[11] Defendants cite Cal. Gov't Code §§ 815.2(b), 820.8, 818.8, and 821.6 at the conclusion of brief argument for summary judgment on Plaintiff's negligence claim. Absent any analysis by the Defendants of the immunities available under those sections, the Court declines to find they provide the basis for summary judgment in favor of Defendants.

***Conclusion***

For the reasons set forth herein, the Court DENIES Plaintiff's motion for summary adjudication and GRANTS IN PART AND DENIES IN PART Defendants' motion for summary judgment as follows:

1. The Court GRANTS Defendants' motion for summary judgment on Plaintiff's claim against the County of San Diego under 42 U.S.C.§ 1983, as well as Plaintiff's claims against Det. Maus and the County of San Diego for battery and for violation of Cal. Civ. Code § 52.1;

2. The Court DENIES Defendants' motion for summary judgment on Plaintiff's claim against Det. Maus under 42 U.S.C. § 1983 and for punitive damages; and

3. The Court DENIES Defendants' motion for summary judgment on Plaintiff's claims against Det. Maus and the County of San Diego under the California constitution and for common law false arrest/imprisonment and negligence.

The parties shall appear before Magistrate Judge William McCurine for a telephonic case management conference on *Thursday, August 13, 2009 at 4:00 p.m.* Counsel for Defendant shall initiate the conference call to Judge McCurine's chambers.

**IT IS SO ORDERED**.

**DATED: August 12, 2009**

Irma E. Gonzalez

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**