UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DETECTIVE ROLAND MAUS; DEPUTY DISTRICT ATTORNEY ELIZABETH SILVA; WILIAM A. PHILLIPS; and ANDY'S ORCHIDS,<br><br>                              Defendants. | CASE NO. 03cv1788-IEG(WMc)<br><br>**Order Granting in Part and Denying in Part Plaintiff's Motion in Limine No. 2 to Preclude Lt. Richardson from Testifying as an Expert Witness; Denying Plaintiff's Motion in Limine No. 3 to Preclude Defendants from Offering Testimony Regarding Det. Maus's Compliance with County Policy** |

     Plaintiff moves the Court for an order precluding defense expert, San Diego County Sheriff's Department Lieutenant Todd Richardson, from testifying at trial on a number of topics including whether Det. Maus complied with the Sheriff's Department policies for obtaining search warrants. The Court held an initial hearing on April 1, 2010, and held a subsequent hearing on April 16, 2010, at which time Lt. Richardson gave testimony regarding his qualifications and anticipated opinions. Following such hearing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion in limine no. 2 as set forth more fully below, and DENIES Plaintiff's motion in limine no. 3.

///

1                                                    *Discussion*

2         Defendants intend to offer testimony from Lt. Richardson regarding standard police investigative procedures, including procurement of search warrants. Defendants argue Lt. Richardson's testimony is relevant to show that Det. Maus acted reasonably, in accordance with standard police procedures, and is thus entitled to qualified immunity.

        Rule 702 of the Federal Rules of Evidence allows a qualified expert to testify regarding "scientific, technical, or other specialized knowledge" so long as such testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Mukhtar v. California State University, 299 F.3d 1053, 1063 (9th Cir. 2002) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)). At the time of the April 16, 2010 hearing, the Court found Lt. Richardson was qualified as an expert based upon his training and experience. See Hangarter v. Provident Life, 373 F.3d 998, 1015 (9th Cir. 2004) (noting that Rule 702 "contemplates a broad conception of expert qualifications); United States v. Freeman, 498 F.3d 893, 901 fn.1 (9th Cir. 2007) (finding police officer with experience similar to Lt. Richardson was qualified to offer expert testimony regarding law enforcement practices). Thus, the proffered expert testimony is admissible so long as it is "specialized knowledge" which will "assist the trier of fact."

        The Ninth Circuit has already found that Det. Maus omitted several material facts from his search warrant affidavit, and that the corrected affidavit would not have established probable cause. Thus, the remaining issues for trial are (i) whether Det. Maus intentionally or recklessly omitted the information from his affidavit, Butler, 281 F.3d at 1024, and (ii) whether a reasonably well-trained officer in Det. Maus's position would have known that a neutral magistrate or judge would not have issued the warrant if he included the omitted facts. Lombardi, 117 F.3d at 1123. Lt. Richardson cannot offer any relevant testimony regarding Det. Maus's intent in omitting information from his affidavit. However, the Court believes Lt. Richardson's proffered testimony regarding how law enforcement investigations are conducted, and the process by which an officer determines what evidence to include in a search warrant affidavit, is probative to the defense of qualified immunity.

        "It is well-established ... that expert testimony concerning an ultimate issue is not per se

improper." Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002).

>Indeed, Fed.R.Evid. 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." That said, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."

Hangarter, 373 F.3d at 1016 (quoting Mukhtar, 299 F.3d at 1066 n. 10). Lt. Richardson cannot testify that Det. Maus's decision to omit certain facts was reasonable or that under the same circumstances he would have similarly omitted the facts.[1] However, Lt. Richardson can testify regarding the following subjects:

- the steps Det. Maus took in preparing the warrant affidavit, including enlisting the District Attorney to review the draft;
- that the investigative techniques employed by Det. Maus leading up to the procurement of the warrant comported with law enforcement standards;
- the factors a reasonable officer relies upon in exercising discretion on what to include or exclude from a search warrant affidavit; and
- that a reasonably trained officer would expect a suspect to provide verification of a claimed alibi.

Each of these areas of testimony will aid the jury in evaluating whether a reasonable officer in Det. Maus's position would have known that a neutral magistrate or judge would not have issued the warrant if the omitted facts had been included.

At the April 16 hearing, Plaintiff's counsel argued expert testimony was not necessary or proper, because such matters are either within the scope of knowledge of an ordinary juror or Det. Maus can testify about the process he went through. The Court finds, however, that an ordinary juror does not know the process by which a police officer investigates a case and obtains a search warrant. Lt. Richardson's testimony regarding law enforcement standards will aid the jury by giving them an objective basis by which to evaluate the reasonableness of Det. Maus's actions. See Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (noting that in determining whether officers' use of force was unreasonable, a rational jury could rely on expert testimony that officers' conduct comported with law enforcement standards).

Plaintiff objects that the Court cannot allow Lt. Richardson to testify that Det. Maus acted

---

[1] Lt. Richardson also cannot testify that the omitted facts were immaterial, or that a corrected warrant would have established probable cause, as both of these issues have already been resolved by the Ninth Circuit Court of Appeals.

in conformance with Sheriff's Department policies[2] because the Court already granted summary judgment dismissing Plaintiff's <u>Monell</u> claims against the County. The Court, however, dismissed Plaintiff's claim against the County of San Diego because Plaintiff, in opposition to Defendants' summary judgment motion, failed to come forward with any evidence establishing there exists any custom or policy which could form the basis of liability against those entities for the alleged constitutional violation.[3] The Court's order granting summary judgment does not bar Defendants from introducing evidence showing that Det. Maus's conduct was consistent with law enforcement standards, including any policy of the Sheriff's Department.

At the April 16 hearing, Plaintiff's counsel hinted that if the Court permitted Lt. Richardson to offer expert opinions, he would be entitled to cross-examine using the opinions expressed in both Lt. Richardson and Deputy District Attorney Robert Phillips' initial reports dated April 6, 2005. In particular, Plaintiff's counsel questioned whether he could impeach Lt. Richardson by showing that the Ninth Circuit Court of Appeals rejected the opinions expressed by both experts in their original reports, regarding the lack of materiality of the omitted facts and the existence of probable cause. Upon review, the Court declines to allow Plaintiff to use the April 2005 reports as impeachment evidence, because the probative value is far outweighed by the danger of confusion of the issues and undue delay.[4] Fed. R. Evid. 403.

///

///

---

[2] A number of times during the April 16 hearing, Lt. Richardson testified that Det. Maus's actions were consistent with the law governing search warrants. However, Lt. Richardson has no legal training, and any such testimony would improperly invade the province of the jury. Therefore, defense counsel is instructed to caution Lt. Richardson against offering such opinions at trial.

[3] Plaintiff did not move for reconsideration of the Court's order granting summary judgment on the <u>Monell</u> claim, and his time to do so has long since passed. Civil L.R. 7.1(i)(2) (any motion for reconsideration must be filed within 28 days of the filing of the original order). The Court will not revisit the question of the County's liability under <u>Monell</u> at this point in the proceedings.

[4] If the Court permitted Plaintiff to impeach Lt. Richardson with the Ninth Circuit Court of Appeals' decision, finding the facts to be material and probable cause to be lacking, that would open the door to Defendants introducing this Court's prior contrary decision on those issues. Defendant could argue qualified immunity is proper because even reasonable jurists disagree regarding the issues giving rise to liability. Such testimony and argument would be inappropriate and confusing to the jury.

*Conclusion*

For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion in limine no. 2 to preclude Lt. Richardson from offering expert testimony at trial, and DENIES Plaintiff's motion in limine no. 3 to preclude Defendants from offering evidence that Det. Maus acted in conformance with Sheriff's Department policy.  Lt. Richardson's testimony, and Plaintiff's cross-examination, will be limited as specified herein.

**IT IS SO ORDERED**.

**DATED:  April 20, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**