# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTIN,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DETECTIVE ROLAND MAUS; DEPUTY DISTRICT ATTORNEY ELIZABETH SILVA; WILIAM A. PHILLIPS; and ANDY'S ORCHIDS,<br><br>　　　　　　　　Defendants. | CASE NO. 03cv1788-IEG(WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR FOR A NEW TRIAL; DENYING PLAINTIFF'S MOTION TO SET ASIDE COSTS AWARD** |

　　　Currently pending before the Court are Plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 50(b) and 59(a) and Plaintiff's motion to set aside the Clerk's assessment of costs. Defendants filed an opposition as to both motions, and Plaintiff filed a reply. The Court found the motions appropriate for submission on the papers and without oral argument and previously vacated the hearing date. For the reasons set forth herein, the Court DENIES Plaintiff's motions.

## *Discussion*

A.　*Motion for Judgment Notwithstanding the Verdict*

　　　Plaintiff moves the Court for entry of judgment notwithstanding the verdict pursuant to

Rule 50(b), arguing there were no material disputed facts and he was entitled to judgment as a matter of law on his Fourth Amendment claim. Plaintiff also argues he was entitled to judgment as a matter of law against the County on his claim under Cal. Civ. Code § 52.1(b).

As Defendants point out in opposition, however, Plaintiff did not move for judgment under Rule 50(a) at the close of the case.[1] Thus, Plaintiff is foreclosed from moving for judgment as a matter of law at this point in the proceedings. <u>Tortu v. Las Vegas Metropolitan Police Department</u>, 556 F.3d 1075, 1083 (9th Cir. 2009).

B.   *Motion for New Trial*

Alternatively, Plaintiff moves the Court for a new trial under Rule 59(a)(1). That Rule provides that the Court may grant a new trial "on all or some of the issues ... (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Erroneous jury instructions, as well as the failure to give adequate instructions, may be grounds for a new trial. <u>Murphy v. City of Long Breach</u>, 914 F.2d 183, 187 (9th Cir. 1990). Here, Plaintiff alleges the Court committed four instructional errors requiring a new trial and that the Court erroneously granted summary judgment in favor of the County of San Diego.

1.   Instruction regarding burden of proof

Plaintiff argues the Court erroneously placed the burden of proof on him to prove that Maus omitted information from the warrant while "acting with deliberate falsehood or in reckless disregard of the truth." Plaintiff states Maus's intent is relevant only to the determination of qualified immunity, a defense on which Defendants carried the burden of proof. Thus, Plaintiff argues the Court erred in denying his proposed instructions, placing the burden upon Defendants to prove Maus did not act with deliberate falsehood or reckless disregard for the truth.[2]

---

[1] In his motion, Plaintiff states he moved the Court for judgment under Rule 50(a) at the close of evidence and before the case was submitted to the jury. However, a review of the Court's docket shows only the Defendants moved for judgment under Rule 50(a) at the close of evidence. [Minutes from May 12, 2010, Doc. No. 231.]

[2] The Court's Instruction No. 16 informed the jury that, as an element of Plaintiff's cause of action under 42 U.S.C. § 1983, it must find Maus "omitted the aforementioned information from his affidavit acting with deliberate falsehood or in reckless disregard of the truth." [Doc. No. 234, p. 19.] The Court declined to give Plaintiff's proposed instruction placing the burden on defendant "to prove that his acts were not done with deliberate falsehood or reckless disregard for the truth." [Doc. No. 215, p. 41.]

1       As the Court explained in its order on the parties' cross motions for summary judgment, the Ninth Circuit has found that the state-of-mind question for qualified immunity "is embedded in the underlying constitutional issue." Butler v. Elle, 281 F.3d 1014, 1024 (9th Cir. 2002). The court in Butler noted that:

> "[O]ur cases effectively intertwine the qualified immunity question (1) whether a reasonable officer should have known that he acted in violation of a plaintiff's constitutional rights with (2) the substantive recklessness or dishonesty question.

Id. Thus, the question of "whether a reasonable officer should have known that he acted in violation of a plaintiff's constitutional rights" depends upon the answer to the question of whether the defendant acted dishonestly or recklessly. Id..; see also Liston v. County of Riverside, 120 F.3d 965, 974 (9th Cir. 1997) (explaining that "a Fourth Amendment violation occurs where 'the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.")

Contrary to Plaintiff's argument, the Plaintiff has the burden to demonstrate, as part of his substantive Fourth Amendment claim, that Maus deliberately or recklessly made false statements or omissions. Greene v. Camreta, 588 F.3d 1011, 1035 (9th Cir. 2009) (quoting KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004)) ("To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."). The instructions correctly informed the jury that in order to find in favor of Plaintiff on his Fourth Amendment claim under § 1983, they must find Maus "omitted the aforementioned information from his affidavit acting with deliberate falsehood or in reckless disregard of the truth."

2.      Instructions regarding the elements of Plaintiff's cause of action

Plaintiff argues the Court erroneously declined to instruct the jury that Maus was charged with knowledge of information which he "should have known." Plaintiff requested a number of different instructions informing the jury it could consider whether Maus omitted information he should have known from the warrant application.[3] Ultimately the Court instructed the jury that in

---

[3]Plaintiff proposed the following instructions:
If it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to make inquiry through which he would

order to find in favor of Plaintiff on his Fourth Amendment claim under § 1983, they must find Maus knew "Phillips was a subject of a U.S. Fish and Wildlife investigation" or knew that Plaintiff "possessed potentially exculpatory phone records placing him far from the scene of the crime at the time of the burglary." [Doc. No. 234, pp. 18-19.] Plaintiff argues the instructions were erroneous because the Fourth Amendment's objective reasonableness standard "does not permit a law enforcement officer to simply bury his head in the sand."

Upon review, the Court concludes the instructions as a whole properly set forth the elements required for Plaintiff to prove his Fourth Amendment claim under § 1983. The Court notes Plaintiff requested an instruction directing a verdict in favor of Plaintiff on Maus's Fourth Amendment claim. [Doc. 215, p. 39 (proposing the Court instruct the jury: "[y]ou are hereby instructed that Martin was seized and that the seizure was unreasonable because it was without probable cause."] Such instruction was not supported by the facts and law, and the Court declined to give the instruction. Thereafter, Plaintiff submitted no new proposed instruction regarding the elements of Plaintiff's § 1983 claim.

The Court instructed the jury as Plaintiff requested regarding the standard for determining Maus's intent [Court Instruction No. 19]. The remaining instructions requested by Plaintiff were culled from various sources, and would have been misleading in light of the facts in this case. The

---

surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if he made such inquiry and had actually learned such facts.

Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

It is incumbent upon law enforcement officials to make a thorough investigation and exercise reasonable judgment. A police officer may not close her or his eyes to facts that would help clarify the circumstances. A police officer evaluating a situation for probable causemust utilize the means at hand to minimize the risk of error. Reasonable avenues of investigation must be pursued especially when it is unclear whether a crime had even taken place.

Objective inquiry into the reasonableness of an officer's perception of the critical facts must charge the officer with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances.

[Doc. 215, pp. 57, 58, 62, and 63.]

1  jury was properly instructed that the relevant question was whether, in omitting information from
2  the search warrant affidavit, Maus acted "with deliberate falsehood or in reckless disregard for the
3  truth." [Doc. No. 234, p. 19.] The Court's decision not to give Plaintiff's remaining proposed
4  instructions was not error.

       3.    Instruction that the phone records were, as a matter of law, exculpatory

6  Plaintiff alleges the Court erroneously refused to instruct the jury that the phone records
7  Plaintiff claimed he had were, in fact, exculpatory. The Court instructed the jury that one way
8  Plaintiff could establish a violation of his Fourth Amendment rights under § 1983 was to show that
9  Maus knew "Martin possessed potentially exculpatory phone records placing him far from the
10 scene of the crime at the time of the burglary." [Doc. No. 234, p. 19.] Plaintiff argues, based upon
11 the Ninth Circuit's decision remanding the case, the Court should have told the jury "Martin had
12 potentially exculpatory phone records which showed he was in Santa Barbara before and after the
13 alleged burglary." [Doc. No. 215, p. 21.]

14 In initially granting summary judgment, this Court determined Martin's phone records
15 were not material and Maus did not need to include the purported alibi information in his warrant
16 application. [Doc. No. 95, pp. 18-19.] The Court of Appeals reversed, finding "[t]hese records
17 might well have affected the magistrate's decision to issue the search warrant." [Doc. 446, p. 4.]
18 If the Court of Appeals believed Maus's actions in omitting the information from the warrant
19 violated Plaintiff's Fourth Amendment rights as a matter of law, it would have reversed and
20 remanded with instructions to enter judgment. Nothing in the appellate opinion precluded
21 Defendant from arguing, at trial, that Maus did not know Martin possessed the potentially
22 exculpatory phone records. Plaintiff does not explain how the different language he proposed
23 would have had any impact upon the jury's consideration of the evidence. The jury was properly
24 instructed.

       4.    Instruction regarding omission or misstatement of additional facts

26 Plaintiff argues the Court erroneously precluded the jury from considering additional
27 omissions or misstatements of fact by Maus. In particular, the jury should have been instructed it
28 was permitted to find Maus made a material misstatement in his affidavit when he represented that

1 Plaintiff claimed he was possibly in Florida working with Federal agents when the burglary
2 occurred. Again, the Court notes Plaintiff's only proposed instruction on his § 1983 claim directed
3 a verdict in his favor, and Plaintiff did not propose an instruction including this particular alleged
4 misstatement. [Doc. No. 215, p. 39.] Instead, Plaintiff argued the Court should give an open-
5 ended instruction allowing the jury to find liability under § 1983 if Plaintiff made any showing that
6 "Maus intentionally or recklessly omitted material information from his affidavit or made material
7 misstatements in his affidavit." [Id.] Given the complicated procedural history of this case,
8 however, Plaintiff's requested instruction would have opened the door for the jury's consideration
9 of irrelevant matters.

10 In its initial order granting summary judgment, this Court found Maus did not misstate the
11 facts when he represented in the warrant application that Plaintiff claimed he was possibly out of
12 state working with U.S. Fish & Wildlife officials at the time of the alleged burglary. The Court of
13 Appeals did not disturb this finding in its decision remanding the case. At trial, Plaintiff attempted
14 to introduce a wide range of irrelevant evidence, and the Court was required to limit the scope of
15 evidence in order to avoid confusion of the issues and undue delay. Similarly, the Court was
16 required to instruct the jury only as to those factual and legal issues remaining in dispute.
17 Plaintiff's requested instruction was prejudicial to Defendants, as it permitted the jury to consider
18 a wide range of irrelevant matters and then directed judgment in favor of Plaintiff. The Court did
19 not err in declining to allow the jury to consider whether Maus misstated other additional facts.

20      5.     <u>Summary judgment in favor of the County</u>

21 The Court granted summary judgment in favor of the County on Plaintiff's claims under
22 § 1983, finding Plaintiff did not present any evidence establishing liability against the County.
23 [Doc. No. 166, p. 11.] Plaintiff did not move the Court for reconsideration of its order at any time
24 prior to or during trial. Plaintiff presented no evidence at trial regarding a County policy, custom,
25 or practice which resulted in any alleged constitutional violation in this case. Because the jury
26 found Maus did not violate Plaintiff's constitutional rights, Plaintiff's claims against the County
27 are moot. <u>Forrester v. City of San Diego</u>, 25 F.3d 804, 808 (9th Cir. 1994) (public entity cannot be
28 held liable under § 1983 where plaintiff fails to establish underlying constitutional violation).

C.  *Motion to Reconsider Clerk's Award of Costs*

Plaintiff also moves the Court to set aside the Clerk's order awarding costs against Plaintiff and in favor of Defendants in the amount of $7,771.55. Plaintiff argues Defendants should not be awarded costs because Plaintiff has limited financial resources, there is economic disparity between Plaintiff and Defendants, the imposition of costs may cause a chilling effect, the case involved issues of substantial public importance, plaintiff's case had merit, and plaintiff acted in good faith.

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Although Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party, it is within the court's discretion to deny an award. Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000). Although the district court need not provide a reasoned explanation for its decision to award costs, it must state affirmative reasons if it denies costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 946 (9th Cir. 2003). The Ninth Circuit has approved the following as appropriate reasons for denying costs:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; ... (3) "the chilling effect of imposing ... high costs on future civil rights litigants" ... [4] the issues in the case were close and difficult; [5] the prevailing party's recovery was nominal or partial; [6] the losing party litigated in good faith, and, perhaps, [7] the case presented a landmark issue of national importance.

Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016 (9th Cir. 2003) (quoting Mexican-American Educators, 231 F.3d at 592, and Save our Valley, 335 F.3d at 945)

Here, the Court concludes this is not the type of case where it is appropriate to disturb the presumption in favor of costs under Rule 54(d). Both parties have litigated this difficult case in good faith. Although Plaintiff's claims are important, they are not of the type which will have a wide-ranging impact. The rationale offered by Plaintiff in his motion would result in costs being denied to a prevailing defendant in nearly every civil rights case which comes before the Court. While the Court is not unsympathetic to the financial burden an award of costs may place on Plaintiff, the costs awarded are modest compared with other similar cases. The Court is not persuaded the factors cited by Plaintiff justify a denial of costs to the prevailing Defendants.

## *Conclusion*

For the reasons set forth herein, the Court DENIES Plaintiff's motion for judgment notwithstanding the verdict, DENIES Plaintiff's alternative motion for new trial, and DENIES Plaintiff's motion to set aside and deny Defendants costs.

**IT IS SO ORDERED**.

DATED: October 4, 2010

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**